UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Belinda Walls,**

    **Plaintiff,**

    v.                                                                   Case No. 2:12–cv–598

**Portfolio Recovery Associates, LLC,**          Judge Michael H. Watson

    **Defendant.**

### OPINION AND ORDER

On November 20, 2013, the Court granted Defendant summary judgment on Plaintiff's claims brought under 15 U.S.C. § 1692d, § 1692e, and any prayer for actual damages. Opinion and Order 19, ECF No. 30. The Court deferred ruling on Plaintiff's § 1692(d)(5) claim. *Id.* at 19.

In deferring ruling on Plaintiff's § 1692(d)(5) claim, the Court found it was unclear from the record how many calls were made or resulted in actual conversations because neither Mr. Rees's affidavit nor the call log explained how many calls were made, connected, or went unanswered. *Id.* at 9–10. As the Court would have had to interpret various notations on the call log to ascertain how many calls connected to either Plaintiff or her voicemail, the Court could not conclude whether the evidence supported Defendant's assertions regarding the number of calls made or connected.

Nonetheless, the evidence did support Defendant's assertions that the maximum number of calls it made to Plaintiff on a given day was three, that there

were two days it called her three times, and that generally, calls were spaced out between two and five days apart with one or two calls per day. *Id.* at 11.

The Court further concluded that if the call log supported Defendant's assertion that it made only fifty or so calls between July 2011 and October 2011 with only three or four connecting, summary judgment would be warranted for Defendant because the mere number of calls would not evidence an intent to annoy, abuse, or harass but rather a legitimate attempt to reach Plaintiff. *Id.* at 13. Accordingly, the Court provided Defendant seven days to offer evidence corroborating its assertion. *Id.* at 16.

In compliance with that Opinion and Order, Defendant provided another affidavit of Mr. Rees, stating unequivocally that the call log shows Defendant made fifty-four calls to Plaintiff's "6707" telephone number between July 1, 2011 and October 29, 2011. Rees Aff. ¶ 7, ECF No. 31-1.[1] He states that of those fifty-four calls made, the call log shows that only four connected—two were answered by Plaintiff and two resulted in messages being left for Plaintiff. *Id.* at ¶ 8–9.

Plaintiff responds that the Rees affidavit fails to explain the meaning of four of the six "completion codes" listed on the call log. Resp. 1, ECF No. 32. As such, Plaintiff argues the Court can only speculate as to what those completion

---

[1] The affidavit explains that while the call log lists two notations on July 19, 2011 at about 5:56 p.m., there was actually only one call made, and that call was transferred by one of Defendant's agents to its Interactive Voice Response system. Rees Aff. ¶ 10, ECF No. 31-1.

codes mean. *Id.* at 3. Plaintiff seems to contend that perhaps some of the unexplained completion codes resulted in additional calls being answered or connected despite its duration being listed as zero on the call log. *Id.* at 3.

Consistent with the Court's November 20, 2013 Opinion and Order, the Court concludes that Plaintiff has failed to raise a genuine issue of material fact as to Defendant's intent to annoy, abuse, or harass. The uncontroverted evidence shows Defendant called Plaintiff fifty-four times in a four-month period, and only four of those calls connected. Despite the fact that Defendant failed to explain the meaning of certain completion codes, Rees stated unequivocally that only four calls resulted in a conversation or message. That is, no matter what the unexplained completion codes mean, those calls did not result in a conversation or message.

The number of calls merely shows a legitimate, if persistent, effort to reach Plaintiff and does not, alone, raise an inference of intent to annoy, abuse, or harass. Plaintiff's additional arguments regarding Defendant's intent were disposed of in the Court's prior Opinion and Order. Accordingly, the Court grants Defendant summary judgment on Plaintiff's § 1692(d)(5) claim.

The Clerk shall enter final judgment for Defendant on all of Plaintiff's claims, dismissing them with prejudice, and terminate the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**